JH

**FILED**

J.N  NOV X 2 2007
Nov. 2, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 07CV6198 |
| ) | JUDGE NORGLE |
| The CITY OF CHICAGO, and CHICAGO ) | MAG. JUDGE ASHMAN |
| POLICE OFFICERS J. PEREZ, ) | |
| Star # 12411, M. WEBB, Star # 10004, ) | |
| R. SALCEDO, Star # 12065, K. ROSS, ) | |
| Star # 15146, K. FLANIGAN, Star # 1547, ) | |
| D. KOPLITZ, Star # 1585, I. THOMAS, ) | |
| Star # 15861, D. KINNEY, Star # 1861, ) | |
| J. SHUMPERT, Star # 3378, J. ) | |
| CEGIELSKI, Star # 4171, J. SWAIN, ) | |
| Star # 5043, E. DEL OLMO, Star # 9653, ) | |
| R. GODINEZ, Star # 9678, J. HELSEL, ) | |
| Star # 9652, K. FERET, Star # 16295, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, RICKY HAWKINS, through his attorneys, A Law Office of Christopher R. Smith, Jared S. Kosoglad and Christopher R. Smith, and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS J. PEREZ, Star # 12411, M. WEBB, Star # 10004, R. SALCEDO, Star # 12065, K. ROSS, Star # 15146, K. FLANIGAN, Star # 1547, D. KOPLITZ, Star # 1585, I. THOMAS, Star # 15861, D. KINNEY, Star # 1861, J. SHUMPERT, Star # 3378, J. CEGIELSKI, Star # 4171, J. SWAIN, Star # 5043, E. DEL OLMO, Star # 9653, R. GODINEZ, Star # 9678, J. HELSEL, Star # 9652, and K. FERET, Star # 16295, states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, CHICAGO POLICE OFFICERS J. PEREZ, Star # 12411, M. WEBB, Star # 10004, R. SALCEDO, Star # 12065, K. ROSS, Star # 15146, K. FLANIGAN, Star # 1547, D. KOPLITZ, Star # 1585, I. THOMAS, Star # 15861, D. KINNEY, Star # 1861, J. SHUMPERT, Star # 3378, J. CEGIELSKI, Star # 4171, J. SWAIN, Star # 5043, E. DEL OLMO, Star # 9653, R. GODINEZ, Star # 9678, J. HELSEL, Star # 9652, and K. FERET, Star # 16295 were, at the time of this occurrence, duly licensed Chicago Police Officers (collectively "Officer Defendants"). They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

2

## FACTS

6. On August 19, 2007, plaintiff Ricky Hawkins set off an alarm at the West Pullman Church of God at 322 W. 119th Street, Chicago, IL by entering the church through a window.

7. The defendants, through the course and scope of their employment as Chicago Police Officers and under color of law, responded to the scene of the church. Defendant J. Perez, Star # 12411, was a canine unit.

8. Defendant Perez ordered the canine to bite plaintiff Ricky Hawkins while Hawkins slept on the floor of the church, and the canine bit Ricky Hawkins in the arm. The bite left several puncture wounds, and Ricky Hawkins began bleeding.

9. Defendant Perez ordered the canine to let go and then ordered the canine to bite again. The canine bit Ricky Hawkins in the arm a second time. The bite left several puncture wounds, and Ricky Hawkins bled more.

10. The defendant officers ordered the canine to let go and then ordered the canine to bite a third time. The canine bit Ricky Hawkins in the leg. The bite left several puncture wounds, and Ricky Hawkins began to bleed from his leg.

11. The defendant officers ordered the canine to let go and then ordered the canine to bite a fourth time. The canine bit Ricky Hawkins in the buttocks. The canine continued to bite Ricky Hawkins in the buttocks, ripping flesh. Defendant Perez repeatedly spoke to the dog stating, "eat that dark meat," or words to that effect. The canine bites severely damaged the body of Ricky Hawkins.

12. Defendant officers stood by, laughed, and watched or participated in the brutal

3

assault on Ricky Hawkins. The Officer Defendants had the opportunity to stop the attack by defendant Perez.

13. The pastor of the church, Reverend Samuel Strachan, overheard the attack on Ricky Hawkins, but the defendant officers refused Reverend Strachan entry.

14. Defendant officers then conspired, agreed, and discussed amongst themselves how to cover up the assault on Ricky Hawkins. In furtherance of this conspiracy, the Officer Defendants filled out and filed false and incomplete police reports relative to Plaintiff Hawkins' arrest.

15. As a direct and proximate result of the Officers Defendants' actions, Plaintiff Hawkins was injured, including severe physical and mental damage and suffering, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, and extreme emotional stress.

## Count I

### 42 U.S.C. Section 1983 — Excessive Force

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The actions of Officer Perez constituted unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's right under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

17. As a proximate result of the above-detailed actions of defendant Perez, plaintiff was injured, including severe physical injuries, pain, mental suffering, anguish and humiliation, and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against

4

Defendant Perez, jointly and severally, for compensatory damages against defendant Perez in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because defendant Perez acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II

### 42 U.S.C. Section 1983 – Failure to Intervene

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. In the manner described throughout this Complaint, during the constitutional violations described herein, all of the Officer Defendants, except defendant Perez, stood by without intervening to prevent the misconduct of defendant Perez.

17. As a result of the Officer Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress, as is more fully described throughout this Complaint.

18. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Officer Defendants described in ¶ 16 above, jointly and severally, for compensatory damages against them in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because the Officer Defendants described in ¶ 16 acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action and attorney's fees, and such other and

additional relief as this court deems equitable and just.

### Count III

### 745 ILCS 10/9-102

1-15.   Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16.   Defendant City of Chicago is the employer of defendants J. PEREZ, Star # 12411, M. WEBB, Star # 10004, R. SALCEDO, Star # 12065, K. ROSS, Star # 15146, K. FLANIGAN, Star # 1547, D. KOPLITZ, Star # 1585, I. THOMAS, Star # 15861, D. KINNEY, Star # 1861, J. SHUMPERT, Star # 3378, J. CEGIELSKI, Star # 4171, J. SWAIN, Star # 5043, E. DEL OLMO, Star # 9653, R. GODINEZ, Star # 9678, J. HELSEL, Star # 9652, and K. FERET, Star # 16295.

17.   Defendants J. PEREZ, Star # 12411, M. WEBB, Star # 10004, R. SALCEDO, Star # 12065, K. ROSS, Star # 15146, K. FLANIGAN, Star # 1547, D. KOPLITZ, Star # 1585, I. THOMAS, Star # 15861, D. KINNEY, Star # 1861, J. SHUMPERT, Star # 3378, J. CEGIELSKI, Star # 4171, J. SWAIN, Star # 5043, E. DEL OLMO, Star # 9653, R. GODINEZ, Star # 9678, J. HELSEL, Star # 9652, and K. FERET, Star # 16295 committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should defendants J. PEREZ, Star # 12411, M. WEBB, Star # 10004, R. SALCEDO, Star # 12065, K. ROSS, Star # 15146, K. FLANIGAN, Star # 1547, D. KOPLITZ, Star # 1585, I. THOMAS, Star # 15861, D. KINNEY, Star # 1861, J. SHUMPERT, Star # 3378, J. CEGIELSKI, Star # 4171, J. SWAIN, Star # 5043, E. DEL OLMO, Star # 9653, R. GODINEZ, Star # 9678, J. HELSEL, Star # 9652, and K. FERET, Star # 16295 be found liable

on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### Count IV

### Battery — State Claim Against City and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. By the actions detailed above, and by participating in the above-described conspiracy, defendant Perez intentionally made offensive bodily contact against Ricky Hawkins and inflicted bodily harm to Ricky Hawkins.

17. By the actions detailed above, and by participating in the above-described conspiracy, defendant Perez preformed the acts detailed above with the intent of inflicting physical harm to Ricky Hawkins. Ricky Hawkins was physically harmed.

18. As a direct and proximate result of the battery, Ricky Hawkins was injured, including the dog bites to his arm, leg, and buttocks.

19. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against Defendant Perez, jointly and severally, for compensatory damages against defendant Perez in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because defendant Perez acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action

and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count V

### Intentional Infliction of Emotional Distress Against City and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The above-detailed conduct by the Officer Defendants was extreme and outrageous, exceeding all bounds of human decency.

17. The Officer Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

18. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous systems, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

19. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Officer Defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because the Officer Defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

Respectfully submitted,

RICKY HAWKINS

By: _____
One of their attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.


A LAW OFFICE OF CHRISTOPHER R. SMITH
Christopher R. Smith
Jared S. Kosoglad
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400