## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RICKY HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 07 CV 198 |
| | ) | |
| THE CITY OF CHICAGO, and CHICAGO | ) | JUDGE NORGLE |
| POLICE OFFICERS J. PEREZ, | ) | MAGISTRATE JUDGE ASHMAN |
| Star #12411, M. WEBB, Star #10004, | ) | |
| R. SALCEDO, Star #12065, K. ROSS, | ) | |
| Star #15146, K. FLANIGAN, Star #1547, | ) | |
| D. KOPLITZ, Star #1585, I. THOMAS, | ) | |
| Star #15861, D. KINNEY, Star #1861, | ) | |
| J. SHUMPERT, Star #3378, J. | ) | |
| CEGIELSKI, Star #4171, J. SWAIN, | ) | |
| Star #5043, E. DEL OLMO, Star #9653, | ) | |
| R. GODINEZ, Star #9678, J. HELSEL, | ) | |
| Star #9652, K. FERET, Star #16295, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
## AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants, City of Chicago, Jose Perez, Michael Webb, Jeanette Cegielski, Edgar Del

Olmo, Kimberly Feret, Rolando Godinez, Kevin Flanigan, John Helsel, David Kinney, Kamari

Ross, Ramon Salcedo, Isaac Thomas, Jennifer Swain, Johnete Shumpert, and Donald Koplitz, by

one of their attorneys, Liza M. Franklin, Chief Assistant Corporation Counsel, hereby submit

their answer to Plaintiff's complaint, affirmative defenses, and jury demand as follows[1]:

---

[1]     Defendants City of Chicago, Jose Perez, Michael Webb, Jeanette Cegielski, Edgar
Del Olmo, Kimberly Feret, Rolando Godinez, Kevin Flanigan, John Helsel, David Kinney,
Kamari Ross, Ramon Salcedo, Isaac Thomas, Jennifer Swain, Johnete Shumpert, and Donald
Koplitz answer for themselves and make no answer for any other named or unnamed defendants.

## ANSWER TO INTRODUCTION

**1.      This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.**

**ANSWER:**      Defendants admit Plaintiff brings the suit as outlined above, but deny

committing any acts which deprived Plaintiff of any rights and deny the remaining allegations in

paragraph 1.

## ANSWER TO JURISDICTION

**2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, and § 1985; the judicial code 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).**

**ANSWER:**      Defendants admit this Court has jurisdiction over this case, but deny

committing any acts which deprived Plaintiff of any rights secured by the Constitution or any

state law.

## ANSWER TO PARTIES

**3.      Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.**

**ANSWER:**      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 3.

**4.      Defendants, CHICAGO POLICE OFFICERS J. PEREZ, Star #12411, M. WEBB, Star #10004, R. SALCEDO, Star #12065, K. ROSS, Star #15146, K. FLANIGAN, Star #1547, D. KOPLITZ, Star #1585, I. THOMAS, Star #15861, D. KINNEY, Star #1861, J. SHUMPERT, Star #3378, J. CEGIELSKI, Star #4171, J. SWAIN, Star #5043, E. DEL OLMO, Star #9653, R. GODINEZ, Star #9678, J. HELSEL, Star #9652, and K. FERET, Star #16295 were, at the time of this occurrence, duly licensed Chicago Police Officers Chicago Police Officers (collectively "Officer Defendants").  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color**

2

of law.  They are sued in their individual capacities.

**ANSWER:**   Defendants admit that the Individual Defendants were duly licensed

Chicago Police Officers who came into contact with Plaintiff while on duty, in the course and

scope of their employment and under color of law.  Defendants deny the remaining allegations in

paragraph 4.

5.      **Defendant City of Chicago, ("City") is a municipal corporation duly
incorporated under the laws of the State of Illinois, and is the employer and principal of
the police officer defendants.**

**ANSWER:**   Defendants admit the allegations in paragraph 5.

## ANSWER TO FACTS

6.      **On August 19, 2007, plaintiff Ricky Hawkins set off an alarm at the West
Pullman Church of God at 322 S. 119th Street, Chicago, IL by entering the church through
a window.**

**ANSWER:**   Defendants admit the allegations in paragraph 6.

7.      **The defendants, through the course and scope of their employment as
Chicago Police Officers and under color of law, responded to the scene of the church.
Defendant J. Perez, Star #12411, was a canine unit.**

**ANSWER:**   Defendants admit the allegations in paragraph 7.

8.      **Defendant Perez ordered the canine to bite plaintiff Ricky Hawkins while
Hawkins slept on the floor of the church, and the canine bit Ricky Hawkins in the arm.
The bite left several puncture wounds, and Ricky Hawkins began bleeding.**

**ANSWER:**   Defendants deny the allegations in paragraph 8.

9.      **Defendant Perez ordered the canine to let go and then ordered the canine to
bite again.  The canine bit Ricky Hawkins in the arm a second time.  The bite left several
puncture wounds, and Ricky Hawkins bled more.**

**ANSWER:**   Defendants deny the allegations in paragraph 9

3

10.     The defendant officers ordered the canine to let go and then ordered the canine to bite a third time.  The canine unit bit Ricky Hawkins in the leg.  The bite left several puncture wounds, and Ricky Hawkins began to bleed from his leg.

**ANSWER:**     Defendants deny the allegations in paragraph 10.

11.     The defendant officers ordered the canine to let go and then ordered the canine to bite a fourth time.  The canine bit Ricky Hawkins in the buttocks.  The canine continued to bite Ricky Hawkins in the buttocks, ripping flash.  Defendant Perez repeatedly spoke to the dog stating "eat that dark meat," or words to that effect.  The canine bites severely damages the body of Ricky Hawkins.

**ANSWER:**     Defendants deny the allegations in paragraph 11.

12.     Defendant officers stood by, laughed, and watched or participated in the brutal assault on Ricky Hawkins.  The Officer Defendants had the opportunity to stop the attack by defendant Perez.

**ANSWER:**     Defendants deny the allegations in paragraph 12.

13.     The pastor of the church, Reverend Samuel Strachan, overheard the attack on Ricky Hawkins, but the defendant officers refused Reverend Strachan entry.

**ANSWER:**     Defendants admit that they refused to allow Reverend Strachan to enter the building during the search for Plaintiff.  Defendants deny the remaining allegations in paragraph 13.

14.     Defendant officers then conspired, agreed, and discussed amongst themselves how to cover up the assault on Ricky Hawkins.  In furtherance of this conspiracy, the Officer Defendants filled out and failed false and incomplete police reports relative to Plaintiff Hawkins' arrest.

**ANSWER:**     Defendants deny the allegations in paragraph 14.

15.    As a direct and proximate result of the Officers Defendants' actions, Plaintiff Hawkins was injured, including severe physical and mental damage and suffering, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, and extreme emotional stress.

    **ANSWER:**    Defendants deny the allegations in paragraph 15.

## Answer to Count I

### 42 U.S.C. Section 1983 – Excessive Force

1-15.    Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

    **ANSWER:**    Defendants resubmit their answers to paragraphs 1 through 15 as their

answer to paragraph 1-15 as if fully set forth here.

16.    The actions of Officer Perez constituted unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's right under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

    **ANSWER:**    Defendants deny the allegations in paragraph 16.

17.    As a proximate result of the above-detailed actions of defendant Perez, plaintiff was injured, including severe physical injuries, pain, mental suffering, anguish and humiliation, and medical expenses.

    **ANSWER:**    Defendants deny the allegations in paragraph 17.

## Answer to Count II

### 42 U.S.C. Section 1983 – Failure to Intervene

1-15.    Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

    **ANSWER:**    Defendants resubmit their answers to paragraphs 1 through 15 as their

answer to paragraph 1-15 as if fully set forth here.

16.    In the manner described throughout this Complaint, during the constitutional violations described herein, all of the Officer Defendants, except defendant

Perez, stood by without intervening to prevent the misconduct of defendant Perez.

**ANSWER:**     Defendants deny the allegations in paragraph 16.

17.     As a result of the Officer Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress, as is more fully described throughout this Complaint.

**ANSWER:**     Defendants deny the allegations in paragraph 17.

18.     The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff.

**ANSWER:**     Defendants deny the allegations in paragraph 18.

## Answer to Count III

## 745 ILCS 10/9-102

1-15.     Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

**ANSWER:**     Defendants resubmit their answers to paragraphs 1 through 15 as their

answer to paragraph 1-15 as if fully set forth here.

16.     Defendant City of Chicago is the employer of defendants J. PEREZ, Star #12411, M. WEBB, Star #10004, R. SALCEDO, Star #12065, K. ROSS, Star #15146, K. FLANIGAN, Star #1547, D. KOPLITZ, Star #1585, I. THOMAS, Star #15861, D. KINNEY, Star #1861, J. SHUMPERT, Star #3378, J. CEGIELSKI, Star #4171, J. SWAIN, Star #5043, E. DEL OLMO, Star #9653, R. GODINEZ, Star #9678, J. HELSEL, Star #9652, and K. FERET, Star #16295.

**ANSWER:**     Defendants admit the allegations in paragraph 16.

6

17.     Defendants J. PEREZ, Star #12411, M. WEBB, Star #10004, R. SALCEDO, Star #12065, K. ROSS, Star #15146, K. FLANIGAN, Star #1547, D. KOPLITZ, Star #1585, I. THOMAS, Star #15861, D. KINNEY, Star #1861, J. SHUMPERT, Star #3378, J. CEGIELSKI, Star #4171, J. SWAIN, Star #5043, E. DEL OLMO, Star #9653, R. GODINEZ, Star #9678, J. HELSEL, Star #9652, and K. FERET, Star #16295 committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**     Defendants admit that the Defendant Officers were acting under color of law and in the scope of their employment as employees of the City of Chicago during their contact with Plaintiff, but deny committing the acts alleged in the Complaint.

### Answer to Count IV

### Battery - State Claim Against City and Officers

1-15.   Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

**ANSWER:**     Defendants resubmit their answers to paragraphs 1 through 15 as their answer to paragraph 1-15 as if fully set forth here.

16.     By the actions detailed above, and by participating in the above-described conspiracy, defendant Perez intentionally made offensive bodily contact against Ricky Hawkins and inflicted bodily harm to Ricky Hawkins.

**ANSWER:**     Defendants deny the allegations in paragraph 16.

17.     By the actions detailed above, and by participating in the above-described conspiracy, defendant Perez performed the acts detailed above with the intent of inflicting physical harm to Ricky Hawkins.  Ricky Hawkins was physically harmed.

**ANSWER:**     Defendants deny the allegations in paragraph 17.

18.     As a direct and proximate result of the battery, Ricky Hawkins was injured, including the dog bites to his arm, leg, and buttocks.

**ANSWER:**     Defendants deny the allegations in paragraph 18.

19.     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER:**     Defendants admit that the Defendant Officers were acting under color of law and in the scope of their employment as employees of the City of Chicago during their contact with Plaintiff, but deny committing the acts alleged in the Complaint.

## Answer to Count V

### Intentional Infliction of Emotional Distress Against City and Officers

1-15.   Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

**ANSWER:**     Defendants resubmit their answers to paragraphs 1 through 15 as their answer to paragraph 1-15 as if fully set forth here.

16.     The above-detailed conduct by the Officer Defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:**     Defendants deny the allegations in paragraph 16.

17.     The Officer Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:**     Defendants deny the allegations in paragraph 17.

18.     As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous systems, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

**ANSWER:**     Defendants deny the allegations in paragraph 18.

8

**19.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.**

**ANSWER:**    Defendants admit that the Defendant Officers were acting under color of law and in the scope of their employment as employees of the City of Chicago during their contact with Plaintiff, but deny committing the acts alleged in the Complaint.

## AFFIRMATIVE DEFENSES

1.    As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting Defendant Chicago Police Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.  Defendant Chicago Police Officers are, therefore, entitled to qualified immunity.

2.    As to all state law counts, under the Illinois Tort Immunity Act, the Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2002).

3.    Under the Illinois Tort Immunity Act, the Individual Defendants are not liable for any of the claims alleged because the decision to arrest and respond with reasonable force against Plaintiff's unlawful resisting of arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (2002).

4.      Under the Illinois Tort Immunity Act, the Individual Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2002).

6.      Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

7.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

8.      Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (1994).

9.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (1994).

10.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

11.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-1-2 (2002).

12.      Defendant City is not liable for injury proximately caused by the failure of an

employee to take reasonable action to furnish or obtain medical care.  745 ILCS 10/4-105 (1994).

13.    As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

14.    Under Illinois law, the defendants are not liable to plaintiff because Defendant Officers' use of force in seizing plaintiff was justified under 720 ILCS 5/7-5 (2002).

## JURY DEMAND

The Defendants demand trial by jury.

Respectfully submitted,

/s/ Liza M. Franklin
LIZA M. FRANKLIN
Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-0170
(312) 744-6566 (FAX)
ATTY. NO.  06216088